UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHELSEA ROBERTS, INDIVIDUALLY, AND AS HEIR OF DECEASED G.E.D, A MINOR, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>NYE COUNTY, *et al.*,<br><br>Defendants. | Case No. 2:22-cv-00398-RFB-EJY<br><br>**ORDER** |
| JOSH MYERS, AS PARENT AND LEGAL GUARDIAN ON BEHALF OF EKS, A MINOR CHILD,<br><br>Intervenor Plaintiff,<br><br>v.<br><br>NYE COUNTY, *et al.*,<br><br>Defendants. | |

Pending before the Court is Defendants Breanna Nelson, Alan W. Schrimpf, Brooke Gentry, Michael Mokeski, Isaac Champlin, and Daniel Fischer's Motion for Protective Order to Stay Discovery (the "Motion"). ECF No. 66. The Motion was joined by Defendant Nye County. ECF No. 68.[1] The Court reviewed the Motion, the Joinder, Plaintiffs' Response (ECF No. 67), and Defendants' Reply (ECF No. 69). Defendants argue that a stay of discovery is proper because (1) there are pending Motions to Dismiss likely to either be dispositive of all Plaintiffs' claims or to significantly impact the scope of any discovery conducted, and (2) the burden of discovery on Defendants outweighs any possible prejudice to Plaintiffs arising from a stay. Plaintiffs contend the pending Motions to Dismiss are not meritorious or dispositive of anything, thereby requiring a stay of discovery to be rejected.

---

[1] Defendants Nye County, Breanna Nelson, Alan W. Schrimpf, Brooke Gentry, Michael Mokeski, Isaac Champlin, and Daniel Fischer are referred to herein as "Defendants."

1

I.     RELEVANT BACKGROUND

The Court summarized the facts underlying this litigation in its Order and Report and Recommendation regarding Plaintiffs' motion seeking leave to file a second amended complaint. ECF No. 75. Those facts are well known to the parties and the Court. They are not repeated here.

The procedural posture of this case is pertinent to the instant Motion. On December 10, 2021, Plaintiffs commenced a civil action against Defendants in the Fifth Judicial District Court in Nye County, Nevada. ECF No. 1-1. No Defendant was served in that case. ECF No. 1 at 2. On February 1, 2022, Plaintiff commenced a civil action against Defendants in the Eighth Judicial District Court in Clark County, Nevada (the "State Court"). ECF No. 1-2. Defendant Nye County was served on the same day as the State Court case was filed. ECF No. 1-3. On February 7, 2022 Plaintiffs filed an Amended Complaint in State Court. ECF No. 1-4. On March 2, 2022, the case was removed to federal court. ECF No. 1.

Since March 25, 2022, five Motions to Dismiss have been filed. These include:
- ECF No. 11, filed by Defendants Luke Stang and the Nevada Department of Public Safety ("DPS");
- ECF No. 12, filed by Defendant Nye County Sheriff's Office;
- ECF No. 13, filed by Defendants Breanna Nelson, Alan W. Schrimpf, Brooke Gentry, Michael Mokeski, Isaac Champlin, and Daniel Fischer;
- ECF No. 15, filed by Defendant Nye County; and
- ECF No. 43, filed by Defendants Bureau of Land Management and Ryan Gallagher.

These Motions each seek dismissal of the operative Amended Complaint (ECF No. 1-4). All the Motions to Dismiss are fully briefed and pending before the Court. On April 26, 2022, Plaintiffs filed a Motion for Leave to File an Amended Complaint (the "First Motion to Amend"). ECF No. 32. The First Motion to Amend is also fully briefed.

On August 22, 2022, Plaintiffs filed a Motion for Leave to File Their Second Proposed Second Amended Complaint (the "Second Motion to Amend"). ECF No. 50. On February 23, 2023 the Court issued an Order and Report and Recommendation regarding the Second Motion to Amend in which the Court ordered several claims against various Defendants should proceed while

recommending other claims against various Defendants be dismissed. ECF No. 75 at 40-41. An Objection to the Court's Order and Report Recommendation was filed on March 9, 2022.[2]

## II.  DISCUSSION

Courts have broad discretion to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). This discretion includes the inherent power to manage proceedings by ordering a stay of discovery. *Bacon v. Reyes*, Case No. 2:12-cv-01222-JCM-VCF, 2013 WL 5522263, at *5 (D. Nev. Oct. 3, 2013). A motion to stay discovery, while far from automatic, is appropriate (1) when issues before the Court in a motion are questions of law the outcomes of which are potentially case dispositive and (2) there is no need for further exploration of facts. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011). The question of whether a stay is warranted is guided by Rule 1 of the Federal Rules of Civil Procedure requiring the Rules "'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Id.* With Rule 1 in mind, a court deciding on a motion to stay discovery considers "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Id.* at 603. Considerations of judicial economy and preserving the parties' resources may also warrant a stay of discovery. *DML Advisors, Inc. v. Wang*, Case No. 2:22-cv-00856-RFB-BNW, 2022 WL 16823441, at *1 (D. Nev. Oct. 5, 2022), *citing U.S. for Use and Benefit of Newton v. Neumann Caribbean International, Ltd.* 750 F.2d 1422, 1426-27 (9th Cir. 1985).

Generally, a dispositive motion does not warrant a stay of discovery. *Tradebay, LLC*, 278 F.R.D. at 601. Motions to dismiss are frequently part of federal practice and "[a]n overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary discovery delay in many cases." *Trzaska v. International Game Tech.*, Case No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *4 (D. Nev. Mar. 29, 2011). The party seeking the stay of discovery bears the

---

[2] The Objection to the Court's Order and Report and Recommendation addressing the Second Motion to Amend was filed by Defendants Nye County only. No other Defendant filed an objection; and, it is now untimely to do so. LR IB 1-3(a) ("The deadline to file and serve any objections to a magistrate judge's order is 14 days after service of the order.")

heavy burden of making a strong showing why the discovery process should be halted. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).

The Court acknowledges that Nye County's Motions to Dismiss (ECF Nos. 12 and 15) are potentially moot if the Objection filed is overruled, the Second Amended Complaint is filed, and claims against Nye County proceed. The Court recognizes that even if the objection is overruled, a Motion to Dismiss the Second Amended Complaint may be filed by this Defendant. And, regardless of the outcome of the Nye County Objection and potential subsequent motion to dismiss, certain claims against individual defendants are ordered to proceed, which may also lead to a Motion to Dismiss the Second Amended Complaint. Finally, claims against Bureau of Land Management and Ryan Gallagher are likely to be dismissed as unopposed. These circumstances demonstrate a very complicated procedural background that calls into question what claims will go forward against which Defendants.

To decide the instant Motion to Stay, the Court considers the goal of Rule 1 of the Federal Rules of Civil Procedure, which requires all the Rules "be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Id*. The Court finds the just and inexpensive determination of this action outweigh the benefits of allowing discovery to proceed at this time. To require the parties to engage in discovery would deplete the limited resources, result in the potential accruing of fees that could not be recouped, and lead individual parties to, at least arguably, unnecessarily disclose professional and personal circumstances based on some of Plaintiffs' claims that ultimately may be dismissed. The objection by Defendant Nye County—and only Defendant Nye County—complicates the procedural path further as some officers employed by the County may remain defendants while Nye County may not.

In sum, the Court exercises its broad discretion concluding a stay of discovery is appropriate until pending dispositive motions and the Objection are addressed. However, to prevent future delays, the Court also finds it appropriate to require a joint status report be filed with the Court every ninety (90) days after the date of this Order. That joint status report must include the status of the pending motions and the Objections such that, as issued are resolved, the stay of discovery may be partially or fully lifted.

### III. ORDER

IT IS HEREBY ORDERED that Defendants' Motion for Protective Order to Stay Discovery (ECF No. 66) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs and Defendants must file a joint status report every ninety (90) days, with the first report due 90 days after the date of this Order. The report must contain the status of the Objection and all pending dispositive motions. The Court will, as appropriate, exercise its discretion and lift the stay of discovery in whole or in part as motions and the Objection are resolved.

Dated this 13th day of March, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE