1
2
3
4                    UNITED STATES DISTRICT COURT
5                          DISTRICT OF NEVADA
6                                  * * *
7    CHELSEA ROBERTS, Individually and as heir        Case No. 2:22-cv-00398-RFB-EJY
     of deceased G.E.D., a minor, *et al*.,
8                                                      **ORDER**
                       Plaintiffs,
9
           v.
10
     NYE COUNTY, *et al.*,
11
                       Defendants.
12

13        **I.      INTRODUCTION**

14            Before the Court is Defendant Nye County ("Nye County")'s Objection to Magistrate

15    Judge Elayna Youchah's Order and Report and Recommendation (ECF No. 75).  ECF No. 78.

16    Magistrate Judge Youchah issued an Order granting in part Plaintiffs' Motion to Amend the

17    Complaint.  ECF No. 50.  Magistrate Judge Youchah also issued a Recommendation that certain

18    claims in Plaintiffs' proposed Second Amended Complaint be dismissed with prejudice, and other

19    claims be dismissed without prejudice. Id.

20            For the reasons stated below, the Court affirms the Order of the Magistrate Judge and

21    accepts in part and rejects in part the recommendations in the Report.  Plaintiffs are given five days

22    to file a Second Amended Complaint consistent with this Order, after which all pending Motions

23    to Dismiss the original Complaint (ECF Nos. 21, 22, 23, 25) will be denied as moot.

24

25        **II.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

26            Plaintiffs commenced this action by filing a civil complaint on February 1, 2022 in the

27    Eighth Judicial District Court for the State of Nevada. ECF No. 1-1.   Defendants removed the

28

matter to Federal Court on March 2, 2022.  ECF No. 1.[1]  In the operative complaint attached to the Notice of Removal ("the Complaint") (ECF No. 1-4), Plaintiffs allege that G.E.D. and J.E.D., minor children, were passengers in a vehicle driven by their father Michael Durmeier and his fiancé Lauren Starcevich, on March 27, 2021, when they were driving from Teton County, Idaho to Las Vegas.  Starcevich's son Emerson was also a passenger.  Plaintiff Roberts is the natural mother of G.E.D. and J.E.D.  ECF No. 1-4.  At approximately 3:45 p.m. the Durmeiers' vehicle was driving southbound on U.S. 95 in Nye County, Nevada, where it was struck by a vehicle driven by Tyler Kennedy ("Kennedy") who was under the influence of drugs. Id. As a result of the action, Durmeier, G.E.D., and Starcevich were killed; J.E.D. and Emerson were seriously injured.  Id. Roughly an hour and fifteen minutes prior to the accident, Kennedy had an interaction with individual Defendants, while intoxicated, after which he was released to drive. Plaintiffs brought ten causes of action against Defendants and sought general, special, and compensatory damages Id.

On March 25, 2022, the following Defendants filed motions to dismiss the Complaint: Defendants Luke Stand and Nevada Highway (ECF No. 11); Nye County (ECF No. 12); Defendants Isaac Champlin, Daniel Fischer, Brooke Gentry, Michael Mokeski, Breanna Nelson, and Alan W. Shrimpf (ECF No. 13), and  Nye County (ECF No. 15).  On April 1, 2022 and April 6, 2022, the parties submitted stipulations to modify the briefing schedule related to the numerous Motions to Dismiss.  ECF Nos. 17, 18, 19, 24.  On April 5 2022 and April 6, 2022, the Court granted the parties' stipulations and ordered Plaintiffs to file their responses by May 6, 2022.  ECF Nos. 21, 22, 23, 25.  On April 22, 2022, Plaintiffs responded to the Motions to Dismiss the

---

[1] There is some confusion in the parties' briefing about what to call the Complaint included as the Fourth Exhibit to the Petition for Removal. ECF No. 1-4.  Plaintiff filed a Complaint on February 1, 2022 in the Eighth Judicial Court (ECF No. 1-3) but then filed an Amended Complaint (raising § 1983 claims) on February 7, 2022 (ECF No. 1-4). Although the Court "takes [a] case as it finds it on removal," Butner v. Neustadter, 324 F.2d 783, 785 (9th Cir. 1963), as soon as "a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to the removal." Preaseau v. Prudential Ins. Co. of Am., 591 F.2d 74, 79 (9th Cir. 1979). The operative complaint in this action was filed in state court on February 7, 2022, as Defendants removed the case on March 2, 2022. The Court further notes that federal pleading standards differ sharply from those in Nevada. See, e.g., W. States Constr., Inc. v. Michoff, 108 Nev. 931, 936, 840 P.2d 1220, 1223 (1992) (explaining that, because Nevada is a notice-pleading state, courts in Nevada "liberally construe pleadings to place into issue matters which are fairly noticed to the adverse party." (internal quotation marks omitted)).

Complaint, to which they attached countermotions to amend the Complaint as exhibits. ECF Nos. 26, 27, 28, 30.  On April 22, 2022, Plaintiffs filed a Notice of Non-opposition to Defendant Nye County Sheriff's Office dismissal from the lawsuit. ECF No. 29.  On April 26, 2022, the Clerk of Court advised Plaintiffs' counsel to refile their countermotions as separate documents.  ECF No. 31.  On April 26, 2022, Plaintiffs filed a Motion for leave to file an Amended Complaint.  ECF No. 32.  On May 23, 2022, Defendants Ryan Gallagher and the Nevada Bureau of Land Management filed a Motion to Dismiss.  ECF No. 43. On June 6, 2022, Plaintiffs filed their Notice of Non-opposition to the Bureau of Land Management and Ryan Gallagher's Motion to Dismiss. ECF No. 44.   On July 8, 2022, the parties filed a proposed stipulated Discovery Plan and Scheduling Order.  ECF No. 46.  The same day, the Court granted the stipulation and issued an Order setting the Discovery deadline for March 2, 2023, and a dispositive motions deadline of April 3, 2023.  ECF No. 47.   On August 22, 2022, Plaintiffs filed a second Motion to Amend.  ECF No. 50.  On September 5, 2022, Defendant Nye County responded to Plaintiffs' second Motion to Amend.  ECF No. 51.  On September 6, 2022, the following Defendants joined Defendant Nye County's response: Defendants Nevada Highway Patrol and Luke Stang (ECF No. 52); Defendants Isaac Champlin, Daniel Fischer, Ryan Gallagher, Brooke Gentry, Michael Mokeski, Breanna Nelson, Alan W. Schrimpf, and Luke Stang (ECF No. 53).  On September 12, 2022, Plaintiffs filed their reply in support of their second Motion to Amend.  ECF No. 54.

On December 7, 2022, the parties filed a stipulation to extend the Discovery deadline.  ECF No. 63.  The Court issued an Order the same day, granting the parties request and extending the Discovery deadline to December 1, 2023.  ECF No. 64.

On December 16, 2022, Defendants Breanna Nelson, Alan W. Schrimpf, Brooke Gentry, Michael Mokeski, and Daniel Fischer filed a Motion for a Protective Order to Stay Discovery, which is currently pending before the Magistrate Judge.  ECF No. 66.  On December 31, 2022, Plaintiff responded to the Motion for a Protective Order to Stay Discovery.  ECF No. 67.  On January 4, 2023, Defendant Nye County joined the Motion. ECF No. 68.  On January 9, 2023, Defendants Isaac Champlin, Daniel Fischer, Brooke Gentry, Michael Mokeski, Breanna Nelson, Alan W. Schrimpf replied in support of the Motion.  ECF No. 69.  On February 6, 2023 the parties

1  filed a Stipulated Confidentiality Agreement and Protective Order, which the Court granted the

2  same day.  ECF Nos 71, 72.   On February 23, 2023, the Magistrate issued an Order and Report

3  and Recommendation, granting in part Plaintiff's second Motion to Amend (ECF No. 50) and

4  recommending that certain claims in the proposed Second Amended Complaint be dismissed with

5  and without prejudice, respectively. Defendant Nye County timely objected to the Order and

6  Report and Recommendation.  ECF No. 78.  This order follows.

7

8         **III.     DISCUSSION**

9         The Court finds, for the following reasons, that the Magistrate Judge did not commit clear

10  error or act contrary to law in allowing a subset of the claims in granting in part Plaintiff's Motion

11  for Leave to Amend and in finding that certain claims not futile.  The Court declines to adopt

12  recommendations in the Report that certain claims be dismissed without prejudice as that is more

13  appropriately addressed at the Motion to Dismiss phase of the pretrial process.  The Court further

14  rejects in part the recommendation in the report that certain claims be dismissed with prejudice.

15         **A.  The Magistrate Judge's Order**

16             **a.  Legal Standard**

17         The Court may reconsider pretrial matters decided by a magistrate judge only if it has been

18  established that the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. §

19  636(b)(1)(A); LR IB 3-1. This standard is deferential. "A finding is clearly erroneous if it is (1)

20  illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in

21  the record." Ibrahim v. U.S. Dep't of Homeland Sec., 835 F.3d 1048, 1058 (9th Cir. 2016) (citation

22  and quotation marks omitted). Under the contrary to law standard "[t]he reviewing court may not

23  simply substitute its judgment for that of the deciding court." Grimes v. City and Cty. of San

24  Francisco, 951 F.2d 236, 241 (9th Cir. 1991) (citation omitted).

25             **b.  Analysis**

26         As the Magistrate Judge noted in her Order, in the Ninth Circuit, leave to amend the

27  pleadings pursuant to Fed. R. Civ. P. 15(a)(2) is treated "with 'extreme liberality.' Eminence

28  Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam)."  The Magistrate

Judge noted the five factors courts in this Circuit consider when deciding whether to grant a motion pursuant to Rule 15(a)(2): (1) if the moving party acted in bad faith; (2) if the moving party unduly delayed the request; (3) if the opposing party will suffer prejudice; (4) if amendment is futile; and (5) if plaintiff has previously amended its complaint. Eminence Capital, LLC, 316 F.3d at 1052 (listing out the "Foman" factors, originally presented in Foman v. Davis, 371 U.S. 178, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)).  The Magistrate Judge further noted that Defendants, in opposing Plaintiffs' second Motion to Amend, only argued futility. Indeed, Nye County admitted the same in its Opposition to the Magistrate Judge's Order and Recommendation: "The only factor at issue with respect to Plaintiffs' Second Motion to Amend is futility."

In Eminence Capital, the Ninth Circuit explicitly held that "[p]rejudice is the touchstone of the inquiry under rule 15(a) . . . .  Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." 316 F.3d at 1052 (internal citations and quotation marks omitted); see also Sweaney v. Ada Cty., Idaho, 119 F.3d 1385, 1393 (9th Cir. 1997) ("[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.").

The Magistrate Judge granted in part Plaintiffs' second Motion to Amend the Complaint (ECF No. 50), finding amendment would not be futile, and specifically allowed the following claims to proceed against the following defendants:

    (1) Plaintiffs' § 1983 claim may proceed against Defendants Breanna Nelson, Alan Schrimpf, Daniel Fischer, and Brooke Gentry;

    (2) Plaintiffs' negligence and gross negligence claims may proceed against Defendants Breanna Nelson, Alan Schrimpf, Daniel Fischer, Brooke Gentry, and Nye County (under respondeat superior);

    (3) Plaintiffs' wrongful death claim may proceed against Defendants Breanna Nelson, Alan Schrimpf, Daniel Fischer, Brooke Gentry, and Nye County (under respondeat superior [liability]);

    (4) Plaintiffs' intentional infliction of emotional distress claim may proceed against

1          Defendants Breanna Nelson, Alan Schrimpf, Brooke Gentry, and Nye County (under

2          respondeat superior);

3       (5) Plaintiffs' negligent infliction of emotional distress claim may proceed against

4          Defendants Breanna Nelson, Alan Schrimpf, Brooke Gentry, and Nye County (under

5          respondeat superior); and,

6       (6) Plaintiffs' interference with family relations claim may proceed against Defendants

7          Breanna Nelson, Alan Schrimpf, Daniel Fischer, and Brooke Gentry.

8      Nye County first argues that in reaching this conclusion, the Magistrate Judge applied the

9 wrong standard in reviewing a motion to amend, because of the word "undisputed," which was

10 used to describe a subset of the factual allegations in the proposed Second Amended Complaint.

11 The Court disagrees. While the use of that word is normally restricted to Motions for Summary

12 Judgment, there is no indication that the Magistrate Judge was passing judgment on whether the

13 facts as plead were supported by evidence. The Magistrate Judge clarified in a footnote that she

14 must treat the factual allegations in the proposed pleadings (here, the proposed Second Amended

15 Complaint) as true. The Court further notes that the Ninth Circuit has long held that courts

16 reviewing the sufficiency of the pleadings must "take as true all allegations of material fact stated

17 in the complaint and construe them in the light most favorable to the nonmoving party." National

18 Wildlife Federation v. Espy, 45 F.3d 1337, 1340 (9th Cir. 1995).  Thus, it is irrelevant whether the

19 allegations in the pleadings are disputed or undisputed; they are taken as true at this stage of the

20 pretrial process in evaluating motions to dismiss and motions for leave to amend the complaint.

21      Second, Nye County argues that the Magistrate Judge erred by "amplifying and

22 overstating" Plaintiffs' allegations beyond what was contained in the proposed Second Amended

23 Complaint.  The Court disagrees. The Magistrate Judge had an obligation determine if there was

24 "no set of facts" that could be "proven under the amendment to the pleadings that would constitute

25 a valid and sufficient claim or defense."  Sweaney v. Ada Cty., Idaho, 119 F.3d 1385, 1393 (9th

26 Cir. 1997).  The Court finds that the Magistrate Judge met that obligation and found Defendants

27 had not met their burden as to five claims listed above.

28      Third, Nye County argues that the Magistrate Judge "ignored, misapplied, or otherwise

discounted" the first element required for the state-created danger exception, which undergirds Plaintiffs' § 1983 claim.

"The 'general rule' is that a state actor is not liable under the Due Process Clause 'for its omissions.'" Pauluk v. Savage, 836 F.3d 1117, 1122 (9th Cir. 2016) (quoting Munger v. City of Glasgow Police Dep't, 227 F.3d 1082, 1086 (9th Cir. 2000)). "There are two exceptions to this general rule: '1) when a "special relationship" exists between the plaintiff and the state (the special-relationship exception); and (2) when the state affirmatively places the plaintiff in danger by acting with "deliberate indifference" to a "known or obvious danger" (the state-created danger exception).'" Id. (quoting Patel v. Kent Sch. Dist, 648 F.3d 965, 971-72 (9th Cir. 2001)).

"Under the state-created danger doctrine, a state actor can be held liable for failing to protect a person's interest in his personal security or bodily integrity when the state actor affirmatively and with deliberate indifference placed that person in danger. The doctrine holds state actors liable 'for their roles in creating or exposing individuals to danger they otherwise would not have faced.'" Id. (quoting Kennedy v. City of Ridgefield, 439 F.3d 1055, 1062 (9th Cir. 2006)).

"To prevail on a state-created danger due process claim, a plaintiff must show more than merely a failure to create or maintain a safe . . . environment. First, a plaintiff must show that the state engaged in 'affirmative conduct' that placed him or her in danger." Pauluk, 836 F.3d at 1124 (quoting Patel, 648 F.3d at 974). "This 'affirmative conduct' requirement has several components. A plaintiff must show not only that the defendant acted 'affirmatively,' but also that the affirmative conduct placed him in a 'worse position than that in which he would have been had [the state] not acted at all.'" Id. at 1125 (quoting Johnson v. City of Seattle, 474 F.3d 634, 641 (9th Cir. 2007) (citing Kennedy, 439 F.3d at 1063). "The affirmative act must have exposed the plaintiff to 'an actual, particularized danger,' and the resulting harm must have been foreseeable. Id. (citing Kennedy, 439 F.3d at 1063). "Second, the state actor must have acted with 'deliberate indifference' to a 'known or obvious danger.'" Id. (citing Patel, 648 F.3d at 974). "'Deliberate indifference' requires a 'culpable mental state' more than 'gross negligence.'" Id.

The Magistrate Judge reviewed the pleadings and concluded that the § 1983 claims against Nye County were not futile:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

      Here, Plaintiffs state they were exposed to a danger they would not have otherwise faced when Defendants showed substantial force, agitated Kennedy, ignored his intoxication and possession of illegal narcotics they knew he intended to use again, and required him to drive out of Nye County in order to avoid paperwork. Plaintiffs further allege Deputy Nelson followed Kennedy for at least 30 minutes observing him crossing the center line of the highway—the exact event leading to the head on collision underlying this case—but chose to do nothing in response because she and her co-Nye County law enforcement officers just wanted Kennedy out of their jurisdiction. Knowing Kennedy had a propensity to speed when driving high on fentanyl and methamphetamines, knowing he intended to use these drugs again to avoid getting sick, and knowing Kennedy could seriously injure or kill someone based on erratic and high speed driving, the Officers chose to do nothing demonstrating deliberate indifference to the specific foreseeable danger Kennedy posed to other drivers. These facts support a plausible claim that when Defendants Nelson, Fischer, Gentry, and Schrimpf (sometimes, collectively, "the Potentially Liable Officers" or the "Officers") acted and failed to act, given the totality of the information they had and observed, their deliberate failure to do their duty led directly to a foreseeable crash resulting injuries.

17

18

ECF No. 75 at 19:10-19:24.

19

20

21

22

23

24

25

26

27

     Nye County argues that the Magistrate Judge relied on an unverified "emboldenment theory" and improperly identified the officers' *failure* to act as conduct triggering the state-created danger exception. The Court disagrees. The Magistrate Judge identified affirmative conduct that was pled in the proposed Second Amended Complaint: that the officers followed Kennedy down the highway for an extended period of time after they encouraged him back on the road, when they knew he was in a heightened state of anxiety fueled by drug consumption, and initially "removing Kennedy from his parked vehicle and then subsequently directing him to drive away, knowing that he was under the influence of controlled substances." Furthermore, Nye County does not cite to caselaw foreclosing Plaintiffs' allegations that officer conduct that "emboldens" a third actor

28

cannot be affirmative conduct outside of the domestic violence context.  The Magistrate Judge's reference to Martinez v. City of Clovis was not improper, as the Martinez Court (1) recognized that the failure to arrest *alone* was not enough to give rise to a state-created danger exception, and (2) noted that in one context (domestic violence) where officers affirmatively emboldened an abuser while failing to arrest them, the state-created danger exception could arise. 943 F.3d 1260, 1277, n.19 (9th Cir. 2019).

Nye County also argues that Plaintiffs cannot meet the first requirement of the state-created danger exception because the danger was not particularized to the victims.  In support, they cite to a recent Ninth Circuit case decided after the Magistrate Judge's Order was issued, Sinclair v. City of Seattle, No. 21-35975, 2023 WL 2292130 (9th Cir. Mar. 1, 2023).

The Court notes that, critically, the Sinclair Court *declined* to resolve a Circuit split relevant to the very question in this case: whether those traveling on a highway for a short period of time are directly exposed to a particular danger related to a driver under the influence whose conduct is traceable to affirmative state conduct. Sinclair, 2023 WL 2292130 at **21-22 ("The Seventh Circuit held [in Reed v. Gardner, 986 F.2d 1122, 1123-24 (7th Cir. 1993)] that the state-created danger doctrine could apply because "the other motorists" in the area were "worse off with a drunk driver heading toward them than a sober one." Id. at 1125, 1127. At the same time, the Reed court reasoned that "[t]he dangers presented by drunk drivers are familiar and specific; in addition, the immediate threat of harm has a limited range and duration." Id. at 1127. We need not definitively resolve whether to adopt the Seventh Circuit's minority rule showcased in Reed because it would not change the result [in this case].").  Therefore , Sinclair does not automatically render Plaintiffs' § 1983 claim futile.

### B.  The Report and Recommendation

### a.  Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).  A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is

1  required to "make a de novo determination of those portions of the report or specified proposed

2  findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local

3  Rule IB 3-2(b).

4          **b.  Analysis**

5          Nye County argues that the Magistrate Judge's Report and Recommendation seemingly

6  foreclosed Defendants' opportunity to file Motions to Dismiss in response to the Second Amended

7  Complaint.  This is not true.  Chronologically, the Court must decide whether the *proposed* Second

8  Amended Complaint may be filed in the first place before Defendants may have an opportunity to

9  move to dismiss it.    Defendants argued in their opposition to Plaintiffs' Motion for Leave to

10  Amend the Complaint that Plaintiffs' state tort claims, "failed as a matter of law" because "no

11  affirmative  harm  exists  under  Plaintiffs'  new  set  of  facts;"  that  "Plaintiffs'  claims  fail  as

12  Discretionary Function Immunity still applies to Plaintiffs' new set of facts" and that "Plaintiffs'

13  claims  for  civil  conspiracy  fail  to  meet  the  pleading  standard."    The  Court  agrees  with  the

14  Magistrate Judge that the Defendants did not meet their burden under Rule 15, and notes further

15  that since Nye County did not raise prejudice as an objection to the Magistrate Judge's order, and

16  admit  they  only  argued  "futility"  and  raise  no  other  Foman  factor,  Ninth  Circuit  precedent

17  overwhelmingly favors amendment.  Eminence Capital, 316 F.3d at 1052 ("Absent prejudice, or a

18  strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a)

19  in favor of granting leave to amend.") (internal citation omitted).

20          The Court declines to adopt any analysis in the Recommendation that makes findings of

21  fact beyond the scope of the Rule 15(a) inquiry, which, in light of Defendants' failure to argue

22  prejudice, is limited indeed.  There is nothing in the Magistrate Judge's Order that is binding on

23  the Court regarding any future Motion to Dismiss the amended pleadings. Hal Roach Studios v.

24  Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (noting that an amended pleading

25  supersedes the original); compare Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009)

26  (noting that under Rule 15, "Courts are free to grant a party leave to amend whenever justice so

27  requires, and requests for leave should be granted with extreme liberality.") (internal quotation

28  marks omitted) with Godecke v. Kinetic Concepts, Inc., 937 F.3d 1201, 1208 (9th Cir. 2019)

(outlining the plausibility standard for Motions to Dismiss pursuant to Rule 12(b)(6)).

The Court now turns to the portions of the Report and Recommendation the parties did not oppose, which the Court may "accept, reject, or modify, in whole or in part." 28 U.S.C. § 636(b)(1). The Court declines to adopt recommendations in the Report that certain claims be dismissed *without* prejudice, as noted above; those arguments should be addressed at the Motion to Dismiss phase of the pretrial process, as it relates to the Second Amended Complaint, which is still pending and has not been filed to the docket.

The Magistrate Judge recommended that two of Plaintiffs' claims be denied *with* prejudice. The Magistrate Judge first recommended that the Court dismiss with prejudice Plaintiffs' negligent hiring, training, supervision, and retention claim against *all* Defendants. The Court rejects this recommendation as to Defendants that employed the individual defendants ("Employer Defendants"): Nye County and the Department of Public Safety Division of Nevada Highway Patrol. Discretionary Immunity issues are fact intensive, and Employer Defendants may argue at the Motion to Dismiss and, if necessary, Summary Judgment stage, that the allegations fail to state a claim or that such claims are not substantiated by evidence. The Court adopts the recommendation as to Defendants who are not employers in this case.

The Magistrate Judge also recommended that Plaintiffs' civil conspiracy claim be dismissed with prejudice to the extent Plaintiffs pled (1) Defendants Breanna Nelson, Alan Schrimpf, Daniel Fischer, and Brooke Gentry conspired with Nye County, (2) Trooper Stang conspired with the Nevada Department of Public Safety, and (3) that Nye County and the Nevada Department of Public Safety conspired. The Court adopts this recommendation as these proposed amended claims are futile under Nevada law. See, generally, Collins v. Union Fed. S&L Ass'n, 662 P.2d 610, 622 (Nev. 1983) ("Agents and employees of a corporation cannot conspire with their corporate principal or employer where they act in their official capacities on behalf of the corporation and not as individuals for their individual advantage.").

/

/

/

11

**IV.     CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant Nye County's appeal of the Magistrate Judge's Order portion of the Order and Report and Recommendation (ECF No. 75) is **DENIED** for the reasons set forth above.

**IT IS FURTHER ORDERED** that the Report and Recommendation portion of the Order and Report and Recommendation (ECF No. 75) is **DENIED** in part and **ADOPTED** in part. The Court **only** **ADOPTS** the recommendation that (A) Plaintiffs' fifth cause of action (negligent hiring, training, supervision, and retention) be **DISMISSED WITH PREJUDICE** as to non-Employer Defendants and that (B) Plaintiffs' civil conspiracy claim be **DISMISSED WITH PREJUDICE** to the extent Plaintiffs pled (1) Defendants Breanna Nelson, Alan Schrimpf, Daniel Fischer, and Brooke Gentry conspired with Nye County, (2) Trooper Stang conspired with the Nevada Department of Public Safety, and (3) that Nye County and the Nevada Department of Public Safety conspired.

**IT IS FURTHER ORDERED** that Plaintiffs **FILE** a Second Amended Complaint within **five** days, consistent with this order, amending the fifth cause of action (negligent hiring, training, supervision, and retention) and eighth cause of action (civil conspiracy) accordingly.

**IT IS FURTHER ORDERED** that Plaintiff's first Motion for Leave to File an Amended Complaint (ECF No. 32) is **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that all pending Motions to Dismiss (ECF Nos. 11, 12, 13, 15, 43) the Complaint are **DISMISSED** without prejudice as to refiling subsequent to the filing of the Second Amended Complaint.

DATED:  March 14, 2023

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**